FILED BY _____ D.C.

99 NOV 22 PM 5:47

...ENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.:

**99-7555 CIV-HURLEY**

**MAGISTRATE JUDGE LYNCH**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RALPH L. MCGRATH JR.
        Defendant.
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $10,262.00, plus interest on this principal amount computed at the rate of 9.00 percent per annum in the amount of $10,786.93, plus interest thereafter on this principal from November 16, 1999 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $21,048.93, plus interest at 9.00 percent per annum on the principal amount of $10,262.00, from November 16, 1999 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 21 day of November, 1999.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: _____
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Ralph L. McGrath Jr
AKA: Ralph L. McGrath
& Ralph June McGrath Jr
1400 Ponce De Leon
Ft Lauderdale, FL 33316

SSN: 239 02 9611

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/14/99.

On or about 07/29/81, the borrower executed promissory notes(s) to secure loan(s) of $5,000.00 from First Fed S&L Brdward - Fort Lauderdale, FL at 9 percent interest per annum. This loan obligation was guaranteed by Florida Department Of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $156.81 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 10/09/86, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,131.00 to the holder. The Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/26/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $5,131.00 |
| Interest: | $5,158.14 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 05/14/99 | $10,289.14 |

Interest accrues on the principal shown here at the rate of $1.27 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6-3-99            Name: Janet Cummins
                               Title: Loan Analyst
                               Branch: Litigation Branch
                               Janet Cummins
                               Senior Loan Analyst


GOVERNMENT EXHIBIT A

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Ralph L. McGrath Jr
AKA: Ralph L. McGrath
& Ralph June McGrath Jr
1400 Ponce De Leon
Ft Lauderdale, FL 33316

SSN: 239 02 9611

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/14/99.

On or about 07/07/83 & 07/07/83, the borrower executed promissory notes(s) to secure loan(s) of $2,500.00 & $2,500.00 from Glendale Federal Savings and Loan Association - Ft Lauderdale, FL at 9 percent interest per annum. This loan obligation was guaranteed by Florida Department Of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $156.81 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 10/09/86, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,131.00 to the holder. The Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/26/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $5,131.00 |
| Interest: | $5,158.14 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 05/14/99 | $10,289.14 |

Interest accrues on the principal shown here at the rate of $1.27 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6-3-99

Name: Janet Cummins
Title: Loan Analyst
Branch: Litigation Branch

Janet Cummins
Senior Loan Analyst

## FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION
ROOM 563 KNOTT BUILDING
TALLAHASSEE, FLORIDA 32304
**PROMISSORY NOTE WITH DISCLOSURE**

| LENDER | |
|---|---|
| FIRST FED. S&L BROWARD | |
| CITY | STATE |
| FORT LAUDERDALE | FL |

| (THIS DATE NEED NOT BE INCLUDED IF IT IS THE SAME AS THE DATE OF THE TRANSACTION) | DATE FINANCE CHARGES BEGIN TO ACCRUE | AMOUNT FINANCED | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGES (INSURANCE PREMIUMS) | AMOUNT OF LOAN |
|---|---|---|---|---|---|
| | 07/29/81 | $ 4,908.50 | $ 7.50 | $ 84.00 | $ 5,000. |
| ANNUAL PERCENTAGE RATE | | A) PRIOR TO BEGINNING OF REPAYMENT PERIOD 1/2 % | | B) DURING REPAYMENT PERIOD X% 9 % | |

RALPH L MCGRATH    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 , hereinafter called the "maker," promise to
FIRST FEDERAL SAVINGS & LOAN ASSO. OF BROWARD , hereinafter called the "lender," lo
901 SE 17TH STREET    FORT LAUDERDALE    FL , the sum of $ 5,000.00 to the ext

advanced to me, plus simple interest at the rate of _____ 9 _____ per annum on the outstanding balance of such sum and authorized late charges, all able attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to from the borrower any portion of the interest which is payable by the U.S. Government or by an escrow agent.

The maker and lender further understand and agree that:

I. The lender has applied for Florida Student Financial Assistance Commission Loan Insurance under Title IV, Part B of the Higher Education Act o as amended, hereinafter called the "Act," on all sums advanced pursuant to this note. Such terms of this note as are subject to interpretation shall be const the light of the Act, Applicable State Law and Federal and State Regulations;

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing ___6___ months a date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such insti and (except when paragraph V (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. EXCEPTION: The maker and lender, dur

___6___ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, pr that, in the event that, the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to th mencement of repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be m periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the bo agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay Florida Student Financial Assistance Commission (hereinafter called "the Commission") in order to provide insurance coverage on this note. Payments co the period of time extending from the date of execution of this note to the commencement of the repayment period (estimated in accordance with instr issued by the Commission) shall be due and payable immediately.

IV. Maker authorizes the lender to disburse the proceeds of this note to an escrow agent, on behalf of the maker, for redisbursement to the maker in acco with instructions issued by the Commission. Lender will not attempt to collect from the maker such sums of money as have been disbursed to an escrow account but not redisbursed by the escrow agent to or on behalf of the maker.

V. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event o prepayment, the maker shall be entitled to rebate of unearned interest computed by ☐ the Sum of Digits Formula (rule of 78ths). ☐ Pro-rata ☒ Other (Ide **SIMPLE**

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in whi maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single perio in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment m made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the r ment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of al loans, plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual pay on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon sh the option of the lender or any other holder of this note become immediately due and payable;

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regul issued by the Commissioner.

(6) Makers shall promptly notify the lender or any other holder of this note in writing of any change or changes in his address or his status as at least a time student.

(7) A late charge of 5 percent of the installment payment or $5.00, whichever is less, may be charged on any payment made later than 10 days afte due date.

| SIGNATURE (MAKER) | ADDRESS | DATE |
|---|---|---|
| Ralph June M'Grath | 1331 NE 35 ST POMPANO BEACH  FL 33064 | 07/29/81 |
| XXXXXXXXXXXXXX WITNESS MY HAND AND SEAL NOTARY PUBLIC  June M Jones | ADDRESS Star Rt. 70, Box 80 Sapphire, North Carolina | DATE July 3, 1981 |

NOTICE: THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY. THE LENDER SHALL SUPPLY A COPY OF THIS NOTE WITH DISCLOSURI THE MAKER.   My Commission Expires March 11, 1983    28774
FSFAC Form 2 (3/78)    State of North Carolina, County of Jackson

"Pay to the order of the State of Florida, Department of Education, without recourse on us, or any of us."

Student Loan Marketing Association
Name of Lender

By: _____
Larry Kleeberg, Assistant Vice President

Date: 7/30/86



| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION<br>KNOTT BUILDING<br>TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM<br>(20 U.S.C. 1071-1087-2)<br>PROMISSORY NOTE |
|---|---|
| **BORROWER'S NAME AND ADDRESS:**<br><br>Ralph L. McGrath, Jr.<br>807 SW 7th St.<br>Ft. Lauderdale, Fla.  33315 | **LENDER'S NAME AND ADDRESS:**<br><br>Glendale Federal Savings and Loan Association<br>301 East Las Olas Blvd<br>Ft. Lauderdale, Fla  33301 |

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or ___ of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |
| Prior to repayment / During repayment | | [ ] may [X] will not   have to pay a penalty.<br>[ ] may [X] will not   be entitled to a refund of part of finance charge. |
| 4.694 % / 9 % | $ 2,360.30 | See the promissory note for any additional information about payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2,360.30                                        Amount Paid

Loan Amount $ 2,500.00 Less: Prepaid Finance Charge $ 139.70  Less: Amount Paid To $ 3.75  Equals: $ 2,3__
                        Includes:                                                                Others On Your Behalf:
                        Insurance Premium   $ 14.70                                  To: FLORIDA DEPT. OF REVENUE
                                                                                     For: DOCUMENTARY STAMP TAX
to _____ ___ ____ __ Origination Fee   $ 125.00
___ __ ____ __ __ ___ _____ ( 5 ___ % of Loan Amount)

**DISBURSEMENT SCHEDULE**

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINA__ |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 9/1/83 | $2,500.00 | $3.75 | $14.70 | $125.00 | $2,360.__ |

ED-888  5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF $3.75 HAS
BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTI__
OF REGISTRATION NUMBER 59-0175611-16-01.

**PROMISE TO PAY**

I, __Ralph L. McGrath, Jr.__        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 _____, the borrower, promise to pa__
                    (Name of Borrower)
__Glendale Federal Savings and Loan Association_____, the lender, or to a subse__
                    (Name of Lender)
holder of this Promissory Note, all of the principal sum of $ __2,500.00__, to the extent it is advanced to me, plus an amount equivalent to simple intere__
this sum at the rate of __9__ percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — incl__
attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for colle__
to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued int__

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**  If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to p__
the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments,__
pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the__
and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**  If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed   __5__%
percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct __
each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to r__
to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than __6__ months (the "grace period") after I either __
school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, d__
the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. Howeve__
following exceptions to these rules apply:

FSFAC FORM 2 (8/82)                                                 (OVER)

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, to the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

**PREPAYMENT** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT** Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in —
A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
C. A graduate fellowship program approved by the Secretary of Education;
D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
A. On active duty in the Armed Forces of the United States or serving as an officer of the Commissioned Corps of the United States Public Health Service;
B. Serving as a Peace Corps volunteer;
C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs);
D. Serving as a full-time volunteer for an organization exempt from Federal income tax under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in Peace Corps or ACTION programs.
E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES** If permitted by state law, the lender may collect from me a late charge if I fail to make a payment when it is due or within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER** Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code and a subsequent holder is not a holder in due course.

**DEFAULT** If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH** If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION** If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations. If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

**GENERAL** The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

[Overlay stamp/text, partially obscuring the body:]
"ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED ASSIGNED TO THE STUDENT LOAN MARKETING ASSOCIATION (SLMA) WITHOUT RECOURSE EXCEPT AS SET FORTH IN THE LOAN SALE AGREEMENT STANDARD TERMS INCORPORATED BY REFERENCE IN THE LOAN SALE AGREEMENT DATED BETWEEN SLMA AND GLENDALE FEDERAL SAVINGS AND LOAN ASSOCIATION DATED
BROWARD LOAN TRANSFER

JENNY STODDART
VICE PRESIDENT

Pay to the order of the State of Florida, Department of Education, without recourse on us, or any of us.

Student Loan Marketing Association
Name of Lender

By: _____
Larry Kleeberg, Assistant Vice President"

| SIGNATURE OF BORROWER | ADDRESS: 807 SW 7th St Ft.Laud, Fla. 33315 | DATE: 7-7-8_ |
|---|---|---|

| NAME OF CO-SIGNER* (print or type) | ADDRESS | | |
|---|---|---|---|
| SIGNATURE OF CO-SIGNER | | DATE | TELEPHONE |

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION KNOTT BUILDING TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM (20 U.S.C. 1071-1087-2) PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS: Ralph L. McGrath, Jr. 807 SW 7th St. Ft. Lauderdale, Fla. 33315 | LENDER'S NAME AND ADDRESS: Glendale Federal Savings and Loan Association 301 East Las Olas Boulevard Ft. Lauderdale, Florida 33301 |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | Amount Financed The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or ___ of the payment, whichever is less. Prepayment: If you pay off early, you |
|---|---|---|
| Prior to repayment / During repayment 4.235 % / 9.00 % | $ 2,358.20 | [ ] may [XX] will not  have to pay a penalty. [ ] may [XX] will not  be entitled to a refund of part of finance charge. See the promissory note for any additional information about payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2,358.20

Loan Amount $ 2,500.00  Less: Prepaid Finance Charge $ 141.80  Less: Amount Paid To $ 3.75  Equals: $ 2,3(?)
Others On Your Behalf:
Includes: Insurance Premium $ 16.80
To: FLORIDA DEPT. OF REVENUE
For: DOCUMENTARY STAMP TAX

Origination Fee  $ 125.00
( 5 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FIN(?) |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 7/7/83 | $2,500.00 | $3.75 | $16.80 | $125.00 | $2,358 |

ED-888  5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF $3.75 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTI(?) OF REGISTRATION NUMBER 59-0175611-16-01

### PROMISE TO PAY

I, __Ralph L. McGrath, Jr.__   __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__ _____, the borrower, promise to p(?)
(Name of Borrower)
__Glendale Federal Savings and Loan Association__ _____, the lender, or to a subsec(?)
(Name of Lender)
holder of this Promissory Note, all of the principal sum of $ __2,500.00__, to the extent it is advanced to me, plus an amount equivalent to simple intere(?) this sum at the rate of __9__ percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — incl(?) attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for colle(?) to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued int(?)

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM** If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to p(?) the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the (?) and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE** If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed __5%__ percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to r(?) to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than __6__ months (the "grace period") after I either school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, d(?) the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. Howeve(?) following exceptions to these rules apply:

FSFAC FORM 2 (8/82)                                                                  (OVER)

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, o the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, tha the lender will provide to me before the repayment period begins.

**PREPAYMENT**  I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitle to a rebate of any unearned interest that I have paid.

**DEFERMENT**  Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in th regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in —
A. Full-time study at a school that is participating in the GSLP (except, if I am a citizen or national of the United States and am studying at a school not located i the United States);
B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies
C. A graduate fellowship program approved by the Secretary of Education; or
D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
A. On active duty in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service;
B. Serving as a Peace Corps volunteer;
C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA);
D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which th Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs;
E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spous who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognitio required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted n longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines tha I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lende may not attempt to collect this interest from me. I may, however, choose to pay the interest.
2. Once the repayment period begins, I will be responsible for payment of all of the interest that accrues on this loan, except that if the Secretary has paid the interest o this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period of authorized deferment of repayment of this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLF

**LATE CHARGES**  If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it i due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not excee $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**  Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other tha the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lende This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissor Note is not a holder in due course.

**DEFAULT**  If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also mak me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the followin events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name address, or school enrollment status.

**DISABILITY OR DEATH**  If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**  If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organiza tions after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repaymen within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holde may disclose information about the status of this loan to any credit bureau.

**GENERAL**  The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 107 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

SIGNATURE OF BORROWER        ADDRESS 807 SW 7th St. Ft. Laud, Fla 33315        DATE 7-7-8

NAME OF CO-SIGNER* (print or type)        ADDRESS

SIGNATURE OF CO-SIGNER        DATE        TELEPHONE

*The lender may require a co-signer to sign this Promissory Note.
FBFAC FORM 2 (8/82)

---

ALL RIGHT, TITLE AND INTEREST OF THE UNDERSIGNED IS HEREBY ASSIGNED TO THE STUDENT LOAN MARKETING ASSOCIATION (SLMA) WITHOUT RECOURSE EXCEPT AS PROVIDED IN SECTION 6 OF THE LOAN SALE AGREEMENT STANDARD TERMS INCORPORATED BY REFERENCE IN THE LOAN SALE AGREEMENT BETWEEN SMLA AND GLENDALE FEDERAL SAVINGS AND LOAN ASSOCIATION

(NAME OF TRANSFEROR)

JENNY STODDART, VICE PRESIDENT

Pay to the order of the State of Florida, Department of Education, without recourse, endorsements or warranty.

Student Loan Marketing Association

By: _____
Barry Liebman, Asst. Vice President

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**99-7555 CIV-HURLEY**

## I. (a) PLAINTIFFS
UNITED STATES of AMERICA

### DEFENDANTS
RALPH L. MCGRATH, JR.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B. Broward  0:99CV7555 Hurley/Lynch

**MAGISTRATE JUDGE LYNCH**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med Malpractice | B[ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | B[ ] 630 Liquor Laws | A PROPERTY RIGHTS | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | B[ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | B[ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans Excl. Veterans | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | B[ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | B[ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA 1395ff | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor Mgmt Relations | [ ] 862 Black Lung 923 | [ ] 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW 405(g) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | B[ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| B[ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | | [ ] 865 RSI 405(g) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | B[ ] 530 General | [ ] 790 Other Labor Litigation | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | A[ ] 535 Death Penalty | | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | B[ ] 540 Mandamus & Other | [ ] 791 Empl Ret Inc Security Act | A[ ] 871 IRS - Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions A OR B |
| [ ] 290 All Other Real Property | | B[ ] 550 Civil Rights | | | |
| | | B[ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN 34CFR 682.100(4) (d)

LENGTH OF TRIAL
via _1_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION [ ] UNDER F.R.C.P. 23

DEMAND $21,048.93 + interest & costs

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 11/21/99

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

FOR OFFICE USE ONLY

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____