MFD:clg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 99-7555-CIV-HURLEY

NIGHT BOX
FILED

F :3 1 8 2000

CLERK, USDC / SDFL / WPB

UNITED STATES OF AMERICA,

        Plaintiff

vs.

RALPH L. MCGRATH  JR.

_____ Defendant/

## SETTLEMENT AGREEMENT AND STIPULATION
## FOR ENTRY OF FINAL JUDGMENT UPON DEFAULT

**THIS SETTLEMENT AGREEMENT** is made this 10th day of February, 2000, by and between the plaintiff, the United States of America (the "United States"), on behalf of the Department of Education, an agency of the United States and the defendant, RALPH L. MCGRATH JR.("Defendant").

## FACTUAL RECITALS

A.   Plaintiff United States of America filed this action against defendant to collect the amount due on Federally guaranteed student loans, as more fully set forth in the Certificate of Indebtedness attached to the complaint filed herein.

B.   The principal amount of plaintiff's claim is the amount of $10,262.00. To date, the balance due is $21,266.54.

C.   Defendant RALPH L. MCGRATH JR. filed an answer to the complaint and denied plaintiff s right to recover the amount collected.

D.   The undersigned parties have agreed to a settlement of the instant cause upon the terms and conditions set forth below.

NOW, THEREFORE, for and in consideration of the premises and other consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

## AGREEMENT

1. The foregoing recitals are true and correct.

2. The parties hereby stipulate and agree that defendant will pay $21,048.93 ($10,262.00 in principal, plus $10,786.93 in accrued interest), plus interest at the rate of 9% per annum on the principal amount from the date hereof, pursuant to an installment payment plan as follows:

3. Beginning September 1, 2000, defendant shall pay equal seven semi-annual payments of $2,000 and a eighth payment in an amount sufficient to satisfy the entire remaining balance.   At any time prior to the due date of the final payment, defendant may pay 75% of the then remaining balance of principal and interest in full settlement of this indebtedness.

4. Checks or money orders shall be made payable to the Department of Justice and mailed to:

U.S. Department of Justice
P.O. Box 100573
Atlanta, GA 30384
*Payments must include your CIF number, C99-10711*

5. If defendant fails to pay the amount set forth in paragraph two (2) within the 20 days of the due date, he shall be in default under this agreement.

6. If defendant defaults, the United States after ten (1 0) days notice, may apply to the Court for the entry of judgment for the full amount of the indebtedness as set forth herein, plus interest to date of judgment less any payments made by the defendant.

7. It is hereby agreed that receipt of the total sum of $21,048.93 ($10,262.00 in principal, plus $10,786.93 in accrued interest) plus interest at the rate of 9% per annum on the principal amount from the date hereof, referenced in Paragraph 2 above, settles and satisfies all claims by the Plaintiff. the United States, against the Defendant set forth in the complaint but does not affect any other claims the United States may have against defendant.

8. The parties agree to bear their own costs and attorney's fees expended in litigation of this cause.

9.      The parties hereby request that the Court retain jurisdiction of this cause to enforce the terms of this Settlement Agreement and/or to enter judgment in case of defendant's default.

10.     This settlement agreement shall be governed by and construed in accordance with the laws of the United States of America.

11.     This Settlement Agreement embodies the entire understanding of the parties hereto, and supersedes all prior negotiations, understandings and agreements between them with respect to the subject matter hereof.  The provisions of this Settlement Agreement may be waived, supplemented or amended only by an instrument in writing signed by the parties.

12.     If any provision of this Settlement Agreement is prohibited or held to be invalid, illegal or unenforceable in any jurisdiction, the parties hereto agree to the fullest extent permitted by law that (i) the validity, legality and enforceability or the other provisions in such jurisdiction shall not be affected or impaired thereby, and (ii) any such prohibition, invalidity, illegality or unenforceability shall not render such provision prohibited, invalid, illegal, or unenforceable in any other jurisdiction.

13.     Defendant and plaintiff each hereby irrevocably waives, to the fullest extent permitted by law, any right to have a jury participate in resolving any dispute arising our of, in connection with, related to, or incidental to the relationship between them established by the Settlement Agreement, and any other instrument, document or agreement entered into in connection with this Settlement Agreement or the transactions contemplated hereby.

The parties consent to the terms of the above-specified agreement, and to the entry of an order enforcing the agreement.

RALPH L. MCGRATH JR..
1400 Ponce De Leon
Ft. Lauderdale, FL 33316
Tel. No: (954) 462-4304
Fax No. (9540-523-0410

By

THOMAS E. SCOTT
UNITED STATES ATTORNEY

2/17/00

MARY F. DOOLEY
Assistant U.S. Attorney
U.S. Attorney's Office
99 N. E. 4th Street, Suite 300
Miami, Florida 33132-2111
Tel.No.: (305)961-9311
Fax No.: (305)530-7195
Bar No. A5500282

DEFENDANT

COUNSEL FOR UNITED STATES

The Court hereby ratifies and approves the above-specified agreement executed by the parties.

DONE AND ORDERED, in Chambers, at West Palm Beach, Florida, on this

day of February, 2000.

DANIEL T K. HURLEY
UNITED STATES DISTRICT JUDGE